# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES ANDREW PAIGE, #277716, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01198 |
| ) | Judge Trauger |
| GLENN R. FUNK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

James Paige, a state inmate confined at the Lois DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee, filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1), a supporting memorandum with evidentiary exhibits (Doc. No. 5), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a Motion to Appoint Counsel (Doc. No. 3) in November 2023. On January 25, 2024, the plaintiff filed a Motion to Amend Complaint (Doc. No. 6) and an Amended Complaint (Doc. No. 7). He also renewed his Motion to Appoint Counsel (Doc. No. 8) and his IFP application (Doc. No. 9) and filed an updated supporting memorandum (Doc. No. 10).

The case is before the Court for ruling on the plaintiff's IFP application and for initial review of his Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.[1]

### I. APPLICATION TO PROCEED IFP

Under the PLRA, a prisoner bringing a civil action may apply for permission to file suit

---

[1] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Because the complaint in this case has not yet been served, the plaintiff did not need leave of court to amend it. The Amended Complaint (Doc. No. 7) is thus the plaintiff's operative pleading in this case. The Court considers it along with the supporting materials submitted by the plaintiff, for purposes of conducting this initial review.

without prepaying the required filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the

complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Amended Complaint states a claim upon which relief may be granted, the court reviews for whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Amended Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The plaintiff sues District Attorney Glenn Funk, Davidson County Criminal Court Clerk Howard Gentry, Tennessee Department of Correction (TDOC) Commissioner Frank Strada,

Davidson County Sheriff Daron Hall, criminal defense attorney Paul Walwyn, Investigator David Zoccola, Gallatin Police Chief Don Brandy, and Nashville Police Chief John Drake. (Doc. No. 7 at 2–4.) He alleges that, in 2018, Zoccola advised Brandy to pick the plaintiff up and transport him to Davidson County, in order to hand him over to Drake. (*Id.* at 5–6.) Chief Brandy did so, without presenting the plaintiff with an arrest warrant, advising him of his Miranda rights, or informing him of the charge of arrest. (*Id.*) Chief Drake then placed the plaintiff under arrest on rape charges. (*Id.* at 6.) After stopping at the hospital for a blood draw for purposes of DNA testing (to which the plaintiff did not consent), Drake delivered the plaintiff to the Davidson County Sheriff's Detention Center, where Sheriff Hall took him into custody. (*Id.*) The plaintiff was not advised of his Miranda rights by either Drake or Hall. (*Id.*)

In April of 2021, the plaintiff was tried and convicted on three counts of rape, but the trial judge "refuse[d] to pronounce judgment accepting the verdict." (*Id.* at 7.) The plaintiff was nonetheless remanded to Sheriff Hall's custody. (*Id.*) District Attorney Funk prepared the judgment form sentencing the plaintiff "without entry of judgment," and Gentry unlawfully entered the judgment on the plaintiff's criminal record. (*Id.*) Despite the failure of the trial court to properly accept the verdict of guilt and hold a sentencing hearing, the plaintiff was then committed to TDOC custody. (*Id.*) At some point thereafter, Gentry "insert[ed] the judgment document(s) into [the plaintiff's] file commit[ing] [him] to the Tennessee Department of Correction without the court ordering [it]." (*Id.* at 8.)

Attorney Walwyn is alleged to have been constitutionally ineffective in defending the plaintiff (*id.* at 9–12), including by conspiring with D.A. Funk, whom Walwyn knew had withheld evidence from the jury and allowed the alleged victim to commit perjury. (*Id.* at 12–13.)

Claiming violation of his Fourteenth Amendment rights and malicious prosecution, the plaintiff seeks an award of damages due to his unlawful incarceration, as well as expungement of

4

the rape convictions from his record and removal of his name from the Tennessee Sex Offender Registry. (*Id.* at 13–15.) He summarizes his claims in his supporting memorandum as "false imprisonment, illegal restraints placed on his liberty based on malicious prosecution, through held kangaroo court(s)/trial(s), unlawful and illegal document(s) placed in his file before, during and after trial[,] [s]entencing hearing was never held, and the judgment document(s) were never [e]ndorsed by the clerk." (Doc. No. 10 at 1.)

## C. Analysis

The court must dismiss this action because its claims are either improperly brought under § 1983, have not yet accrued, or accrued too long ago to be timely pursued at this point.

To begin with, explicit challenges to the validity of an inmate's continued confinement, as distinguished from the "circumstances" or conditions of confinement, are not properly lodged under § 1983 but are within the sole province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The plaintiff's request for expungement of a conviction that allegedly rests on unlawfully admitted or withheld evidence and the ineffective assistance of counsel, as well as a falsified or unlawfully recorded sentencing judgment, is an explicit challenge to his conviction and sentence that may only be pursued in federal court via a habeas petition, not a § 1983 action.[2] *Id.*

Moreover, where (as here) a prisoner implicitly challenges the validity of his confinement by claiming unconstitutional, malicious prosecution and seeking relief that is proper under § 1983 but "unavailable in habeas, notably damages," *Muhammad*, 540 U.S. at 751, that claim cannot be pursued unless and until the prisoner succeeds in achieving the favorable termination of the criminal prosecution. *Gardner v. Morriss*, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D.

---

[2] The court takes judicial notice of its own docket, where the plaintiff's pending petition for the writ of habeas corpus under 28 U.S.C. § 2254 presents some of these issues and is still in the pleading stage. *See Paige v. Holloway*, No. 3:23-cv-01102, Doc. No. 12 (M.D. Tenn.).

Tenn. Oct. 24, 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)); *see Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (applying *Heck*'s favorable termination rule in § 1983 action for malicious prosecution). Favorable termination is an element of a malicious prosecution claim and a precondition for its accrual, such that the claim "is not available" before criminal proceedings end in victory for the plaintiff. *King v. Harwood*, 852 F.3d 568, 578–79 (6th Cir. 2017); *see McDonough v. Smith*, 139 S. Ct. 2149 (2019). Because the plaintiff has not yet achieved such favorable termination, his malicious prosecution claim cannot yet be pursued.

Finally, even if they are otherwise proper, any claims for false arrest and/or false imprisonment (as distinct from malicious prosecution) are time-barred. A one-year statute of limitations applies to § 1983 claims arising in Tennessee, per Section 28-3-104(a) of the Tennessee Code. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The plaintiff's cause of action for false arrest/imprisonment accrued, and the statute of limitations began to run, at the latest, when his detention without a warrant or other legal process ended and prosecution began—presumably shortly after his detention in Davidson County in April 2018. *See Wallace v. Kato*, 549 U.S. 384, 388–90 (2007) (finding that false arrest "is a species of" false imprisonment, and that the petitioner's longer period of false imprisonment ended "when legal process was initiated against him, and the statute would have begun to run from that date"); *Dibrell*, 984 F.3d at 1162 (after legal process is initiated—"when, for example, the plaintiff is brought before a magistrate"—"a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim"). This case was not filed until November of 2023, almost five years after the one-year limitations period for any false imprisonment claim expired. Although the statute of limitations is an affirmative defense that typically does not result in a pre-answer dismissal, where (as here) "the allegations in the complaint affirmatively show that the claim is time-barred," it is

6

Case 3:23-cv-01198   Document 11   Filed 02/06/24   Page 6 of 7 PageID #: 161

appropriate to dismiss on that basis, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)), even in the context of a PLRA initial review. *Campbell v. Chambers-Smith*, No. 2:21-cv-4055, 2021 WL 4033162, at *4 (S.D. Ohio Sept. 3, 2021) (quoting *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002)); *see also*, *e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III. CONCLUSION

For the above reasons, this action fails to state a claim upon which relief can be granted and is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is **WITHOUT PREJUDICE** to the plaintiff's ability to re-file a claim for malicious prosecution if and when he achieves favorable termination of the criminal proceedings against him. In light of this disposition, all pending motions are **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge